UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAQUAN KEON JACKSON,<br><br>Defendant. | Case No. CR22-037-RSL<br>CR20-096-RSL<br><br>ORDER GRANTING<br>TEMPORARY RELEASE |

This matter comes before the Court on defendant Jaquan Keon Jackson's "Motion to Revoke Detention Order; Motion for Temporary Release" (CR22-037-RSL ("CR22") Dkt. # 26; CR20-096-RSL ("CR20") Dkt. # 104). On July 1, 2022, the Court denied defendant's Motion to Revoke Detention Order and requested supplemental briefing regarding defendant's Motion for Temporary Release. See CR22 Dkt. # 31; CR20 Dkt. # 109. Having reviewed the parties' submissions and the remainder of the record, including the recordings of the detention hearings conducted on (1) February 28, 2022 before the Honorable S. Kate Vaughan, U.S. Magistrate Judge, and (2) March 24, 2022 before the Honorable Brian A Tsuchida, U.S. Magistrate Judge, and the supplemental briefing ordered by the Court, the Court finds as follows:

**I.      Motion to Seal**

As a threshold matter, the Court finds that defendant's supplemental briefing is replete with sensitive and confidential information, including information pertaining to a juvenile and defendant's mental health information. The Court therefore grants defendant's motion to seal.

ORDER GRANTING TEMPORARY
RELEASE - 1

## II.     Motion for Temporary Release

Defendant is charged with unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). CR22 Dkt. # 1. Defendant also allegedly violated the conditions of his supervised release by (1) committing the crime of driving under the influence, (2) consuming alcohol, (3) committing the crime of driving while license suspended, (4) committing the crime of penalty-violation related to a requirement of ignition interlock, (5) committing the crime of making a false or misleading statement to a public servant, and (6) possessing a firearm. CR20 Dkts. # 80, # 89, # 90. The charge and alleged violations all stem from a February 4, 2022 incident where defendant allegedly drove under the influence of alcohol while his license was suspended and without a court-ordered ignition interlock device, crashed his car into a roadway barrier, and switched seats with his passenger to attempt to convince law enforcement that she, not him, had been driving the car. See CR20 Dkt. # 106-8; CR22 Dkt. # 28-8. Law enforcement later located a fanny pack at the scene of the crash containing various papers with defendant's name and a Glock .40 caliber handgun with an extended magazine. See CR20 Dkt. # 106 at 6; CR22 Dkt. # 28 at 6.

Defendant's evidentiary hearing on revocation of supervised released in Case No. CR20-096-RSL is scheduled for November 3, 2022, CR20 Dkt. # 115, and his jury trial in Case No. CR22-037-RSL is scheduled to begin on October 31, 2022, CR22 Dkt. # 39.

On February 28, 2022, Judge Vaughan ordered defendant detained pending the evidentiary hearing on revocation of supervised released. CR20 Dkt. # 100. On March 24, 2022, Judge Tsuchida ordered defendant detained pending trial. CR22 Dkt. # 16. Having denied defendant's motion to revoke Judge Vaughan and Judge Tsuchida's respective detention orders, see CR22 Dkt. # 31; CR20 Dkt. # 109, the Court now considers defendant's alternative request to temporarily release him on an appearance bond with conditions recommended by U.S. Probation and Pretrial Services so that he may take the necessary steps to provide for the guardianship of his nine-year-old daughter.

A judicial officer may temporarily release someone in custody "to the extent the judicial officer determines such release to be necessary for preparation of [defendant's] defense, or for

ORDER GRANTING TEMPORARY
RELEASE - 2

another compelling reason." 18 U.S.C. § 3142(i). In the absence of Ninth Circuit precedent, the Court adopts a test promulgated by a fellow district court and considers: "(1) the original grounds for a defendant's pretrial detention; (2) the strength of the defendant's interest in the requested furlough; and (3) whether the proposed release plan strikes an appropriate balance among these considerations." United States v. Aziz, No. CR21-0118-JLR, 2021 WL 5514432, at *1 (W.D. Wash. Nov. 24, 2021).

The Court concludes that temporary release is appropriate. The first element of this analysis is consideration of the original grounds for defendant's pretrial detention. As explained in its Order of July 1, 2022, the Court affirmed defendant's detention because of the danger he poses to the community. See CR22 Dkt. # 31; CR20 Dkt. # 109. This element weighs against his temporary release. The second element is the strength of the defendant's interest in the requested furlough. The Court finds that defendant's interest in the requested furlough is strong. Prior to his arrest, defendant demonstrated a strong commitment to reunification with his daughter, and her social workers encourage maintenance of their bond. See CR22 Dkts. # 26 at 12, # 26-5; CR20 Dkts. # 104 at 12, # 104-5. Defendant's daughter's social workers have indicated that separation from her father will be traumatic, see id., and the Court considers it important to give defendant the opportunity to do what he can to ameliorate this impact. Additionally, proceedings regarding his daughter's placement are ongoing, and the Court considers it important to facilitate defendant's participation in these proceedings. See Dkts. # 117 (explaining that proceedings remain ongoing), # 114 (explaining difficulties defendant has encountered while trying to participate in hearings remotely from the FDC). This factor therefore weighs in favor of his temporary release. The third element is whether the proposed release plan strikes an appropriate balance among these considerations. Defendant requests to be released for a period of 90 days either to his own home or to the home of his mother, Ms. Cheryl Williams, and asks that a curfew, rather than home confinement, be imposed to facilitate visits with his daughter. Dkt. # 114 at 1. Defendant's poor choices while intoxicated cause the Court concern, particularly as the alleged conduct occurred while defendant was actively participating in multiple sober support and outpatient counseling sessions each week. See CR22

ORDER GRANTING TEMPORARY
RELEASE - 3

Dkt. # 26 at 5; CR20 Dkt. # 104 at 5.  However, the Court's concerns are sufficiently assuaged by releasing defendant to his mother's home, imposing a curfew, and requiring defendant to submit to alcohol use monitoring.  Regarding the length of defendant's release, however, the Court is unconvinced that the full 90 days is required.  The Court instead elects to release defendant for 45 days.  Subject to these conditions and those set forth in the Appearance Bond to be issued in accordance with this Order, the Court, therefore, grants defendant temporary release for the compelling reason that he must arrange for the care of his nine-year-old daughter.

### III.   Conclusion

For all of the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's Motion to Seal Supplemental Briefing (CR22 Dkt. # 40; CR20 Dkt. # 113) is GRANTED.
2. Defendant's Motion for Temporary Release (CR22 Dkt. # 26; CR20 Dkt. # 104) is GRANTED.  Defendant shall be temporarily released from August 5, 2022 until September 19, 2022 to the home of Ms. Cheryl Williams to arrange for the care of his nine-year-old daughter.  Defendant shall be subject to the conditions set forth in the Appearance Bond to be issued in accordance with this Order.

DATED this 2nd day of August, 2022.

Robert S. Lasnik
United States District Judge